## No. 4554.

### BALL, HUTCHINGS & CO. *v.* ESTATE OF SHARPLEY OWEN.

The vendee evicted of the property by the foreclosure of a prior mortgage containing the pact *de non alienando* is not bound to defend the executory proceeding or to give notice thereof to the vendor. The undertaking of the purchaser is to pay the price; that of the vendor is to maintain the title and the possession.

APPEAL from the Thirteenth Judicial District Court, parish of Carroll. *Hough*, J. *F. B. Montgomery* and *Charles M. Pilcher*, for plaintiffs and appellants. *Sparrow & Montgomery*, for defendant and appellee.

Justices concurring, Ludeling, Taliaferro, Howell, Wyly, Morgan.

WYLY, J. The plaintiffs appeal from the judgment rejecting their demand against the defendant on two promissory notes for $6000 each.

The defense is failure of consideration by reason of the eviction of the defendant of the land, the purchase price of which the notes in part represent.

It appears that in 1862 Reuben M. Hargreve sold the land described in the petition to Sharpley Owen for $6000 in cash, and the two notes in suit. The title was warranted free of encumbrance.

It appears that the land was encumbered, however, by a note with vendor's privilege and mortgage, executed by W. T. Oliver, the vendor of Hargreve, and under this mortgage, which contained the non-alienation clause, the property was sold to J. P. Vinson on the fourth of January, 1868.

In reply to this defense of eviction and failure of consideration the plaintiffs insist that being holders before maturity, equities of this kind can not be opposed to them. The proof, however, shows that the notes remained till past due in the hands of the payee, R. M. Hargreve. Consequently the plaintiffs, the transferrees after maturity,

occupy no better position than the payee would occupy in reference to the defense pleaded.

At the time of the foreclosure of the mortgage and the sale to Vinson, Sharpley Owen was dead, and his widow, the defendant, represented the succession. She testifies that she never heard of the sale until one year thereafter. No fraud is alleged or proved.

It is well settled that the vendee evicted of the property by the foreclosure of a prior mortgage, containing the pact *de non alienando*, is not bound to defend the executory proceeding or to give notice thereof to the vendor. The undertaking of the purchaser is to pay the price; that of the vendor is to maintain the title and the possession. It was the duty of Hargreve to remove the encumbrance existing on the property at the time of the sale, or to protect his vendee from eviction by reason thereof.

It is therefore ordered that the judgment appealed from be affirmed with costs.